**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0163n.06

Case No. 13-2685

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 02, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THELMON F. STUCKEY, III, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: SILER, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Thelmon Stuckey appeals the district court's denial of his motion to amend his federal habeas petition. Finding no error, we AFFIRM.

A jury convicted Stuckey, a leader and "enforcer" of a violent drug gang, of murder to prevent a person from providing information concerning a federal crime to federal authorities under the federal witness-tampering statute, 18 U.S.C. § 1512. An eyewitness to the murder testified at trial that Stuckey shot Darbins, a member of Stuckey's drug organization, eleven times before bending over his body, kissing him, and saying "that he loved him . . . but he talked too much." *United States v. Stuckey*, 253 F. App'x 468, 474–75 (6th Cir. 2007). We affirmed Stuckey's murder conviction. *See id.* at 492.

Years later, Stuckey moved to vacate his sentence under 28 U.S.C. § 2255, relying in his proposed amended petition on the Supreme Court's decision in *Fowler v. United States*, 131 S. Ct. 2045 (2011). *Fowler*, he argued, rendered his murder conviction invalid "because the government was required to prove more than just a possibility that Darbins would have cooperated with federal authorities." The district court rejected Stuckey's proposed amendment as futile because *Fowler*, as the court understood it, would not support Stuckey's claim. This court granted Stuckey a certificate of appealability to determine whether the district court properly denied his motion to amend.

Though we ordinarily review a district court's denial of a motion to amend for abuse of discretion, we review de novo when, as here, the court denies the motion because amendment would be futile. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Stuckey's argument stems from a misreading of *Fowler*. *Fowler* concerned the *federal nexus* requirement for convictions under the witness-tampering statute when the defendant acts with an intent to prevent communication to law enforcement officers in general. To establish such a nexus, *Fowler* requires proof of a "reasonable likelihood" that at least one hypothetical communication (by Darbins) would have been made to a federal (as opposed to state) law enforcement officer. 131 S. Ct. at 2052. Here, the federal investigation into Stuckey's drug organization led to Darbins's federal indictment, and interest in getting Darbins to cooperate prompted the FBI's search for him that uncovered his murder. Had Darbins communicated with law enforcement, "it is reasonably likely . . . that a federal law enforcement officer would have been on the receiving end of this communication." (R. 336, Op. & Order at 20.)

As the government notes, Stuckey tries to import the "reasonable likelihood standard[] from its proper place in proving a federal nexus where that is unclear, to a requirement to prove the victim's intent." That is, Stuckey reads *Fowler* as requiring the government to show a reasonable likelihood that Darbins would have, in fact, communicated with a federal officer had he survived. But *Fowler* requires no such showing. The district court thus properly concluded that amendment would be futile. We AFFIRM.